Carlos Agustin Velasquez
**MARCOS, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72754.
Agency No. A72–688–268.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 11, 2004.*

Decided Feb. 18, 2004.

Amos Lawrence, San Francisco, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Marshall Tamor Golding, Richard M. Evans, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before RYMER, HAWKINS, and BYBEE, Circuit Judges.

MEMORANDUM**

Carlos Agustin Velasquez–Marcos, a native and citizen of Guatemala, petitions for

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

review of a decision by the Board of Immigration Appeals (BIA) summarily affirming denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). As this is a streamlined case, we review the decision of the immigration judge (IJ). 8 C.F.R. § 1003.1(a)(7). We deny the petition.

We review the IJ's decision to see if there is substantial evidence to support it. *INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "To reverse under the substantial evidence standard, the evidence must be so compelling that no reasonable factfinder could fail to find the facts were as the alien alleged." *Singh v. Reno,* 113 F.3d 1512, 1514 (9th Cir.1997).

Velasquez–Marcos argues that the IJ failed to apply the appropriate evidentiary standard in evaluating his claims for asylum and withholding of deportation. However, the language upon which he relies merely reflects the IJ's conclusion that the dispositive issue in Velasquez–Marcos's case was whether country conditions had changed such that he no longer has a well-founded fear of persecution if he were to return.

He further argues that the presumptions to which he was entitled as a victim of past persecution were not in fact overcome because there remains at least "a possibility" of future persecution were he to return to Guatemala now. However, the government need not show that there is no possibility of persecution; it must only show by a preponderance of the evidence that "conditions have changed sufficiently so as to overcome that presumption." *See, e.g., Rios v. Ashcroft,* 287 F.3d 895, 901 (9th Cir.2002); 8 C.F.R. § 208.13(b)(1)(i)(A). This the INS did through the June 1997 State Department Profile of Asylum Claims and Country Conditions for Guatemala. The IJ found that the guerrilla organizations that persecuted Velasquez–Marcos were dissolved in the spring of 1997 pursuant to December 1996 peace accords, and that there is little objective basis for Velasquez–Marcos's fear in light of the report, especially if he stays out of rural areas. The 1997 country report provides substantial evidence for the IJ's determination. *Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1000 (9th Cir.2003).

Velasquez–Marcos's reliance on cases decided before *INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002), and our application of *Ventura* in *Gonzalez–Hernandez,* is misplaced. *See Gonzalez–Hernandez,* 336 F.3d at 999 & n. 4.

Absent a well-founded fear of persecution, Velasquez–Marcos is not entitled to asylum. Necessarily, he does not qualify for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION DENIED.